```
                                              Eastern District of Kentucky
                                                     FILED
           UNITED STATES DISTRICT COURT
           EASTERN DISTRICT OF KENTUCKY            OCT - 7 2005
                     LEXINGTON
                                                    AT LEXINGTON
                                                   LESLIE G WHITMER
MICHAEL HENDERSON,              )              CLERK U S DISTRICT COURT
                                )
     Petitioner,                )     Civil Action No. 05-282-JMH
                                )
                                )
v.                              )
                                )     MEMORANDUM OPINION and ORDER
                                )
JOE BOOKER, JR., WARDEN,        )
                                )
                                )
     Respondent.                )
```

\*\*  \*\*  \*\*  \*\*  \*\*

Michael Henderson seeks a writ of habeas corpus under 28 U.S.C. § 2241. Joe Booker, Jr., the Warden at the Federal Medical Center, Lexington, Kentucky, has responded in opposition to the petition.

Henderson seeks review of his conviction of an offense proscribed by 18 U.S.C. § 924(c) in the United States District Court for the Northern District of Illinois, basing his arguments on United States v. Bailey, 516 U.S. 137 (1995). He is entitled to no relief for several reasons.

First, relief under § 2241 is not appropriate where, as here, the petitioner has previously presented his instant claim to the sentencing court under 28 U.S.C. § 2255 and lost. *Charles v. Chandler*, 180 F.3d 753, 757-58 (6th Cir. 1999). The remedy available to the petitioner under § 2255 is not rendered ineffective or inadequate simply because the trial court previously denied him relief.

Second, even if the court was to consider Henderson's *Bailey*-based claim under § 2241, it would be untimely. His claim should have been presented within one year after the Supreme Court's decision in *Bousley v. United States*, 523 U.S. 614 (1998), making the holding of *Bailey* retroactive. 28 U.S.C. § 2244(d).

Finally, even if the Court was to consider the merits of Henderson's *Bailey* arguments, he would not prevail. The facts as set forth by the Seventh Circuit in *United States v. Henderson*, 58 F.3d 1145 (7th Cir. 1995), demonstrate that Henderson and his co-conspirators carried firearms during drug trafficking offenses. *United States v. Mauldin*, 109 F.3d 1159 (6th Cir. 1997). Henderson was not "actually innocent" of the § 924 offense. *See, e.g., United States v. Napier*, 159 F.3d 956, 959-62 (6th Cir. 1998).

Accordingly,

**IT IS ORDERED** that Henderson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be, and the same hereby is, **DENIED**.

This the 7th day of October, 2005.

Joseph M. Hood, Chief Judge

2